**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DIRK KANCILIA; et al., | No. 15-17027 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-00371-SRB |
| v. | |
| LLOYD RAY WINBURN, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 14, 2017**

Before:  GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Dirk Kancilia, Jon Kancilia, and Kyrstin Kancilia ("the Kancilias") appeal

pro se from the district court's judgment dismissing their action alleging various

federal and state law claims regarding fraudulent financial dealings.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal based on issue preclusion.  *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016).  We affirm.

The district court properly dismissed the Kancilias' action as barred by the doctrine of issue preclusion because the issue of when the Kancilias' claims accrued and whether they were entitled to tolling were actually litigated and decided in the Kancilias' prior Nevada state court action.  *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in striking the Kancilias' response to defendants' motion to dismiss because a "district court has considerable latitude in . . . enforcing local rules that place parameters on briefing." *Christian v. Mattel Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (standard of review).  Moreover, the record reflects that the district court considered the Kancilias' amended opposition.

We do not consider the Kancilias' arguments regarding the denial of Kyrstin

Kancilia's motion requesting electronic filing because the issue was not properly raised before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit the Kancilias' contentions that the district court's order for defendants to answer in compliance with the Federal Rules of Civil Procedure was in error, and that default should have been entered against defendants.

Defendants' request for attorney's fees and costs, set forth in their answering brief, is denied.

**AFFIRMED.**

15-17027